Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

FILED

# UNITED STATES DISTRICT COURT



PAID

JUN - 3 2022

Clerk, US District Court
COURT 46'2 EEE

for the

Central District of California

Western Division

2022 JUN -3  AM 10: 10

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

LACV22-3801-JFW-SKx

_Case No._ (to be filled in by the Clerk's Office)

Tefera Tibebu Beyene
_____
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*
-v-


Janet L. Yellen, Secretary, Department of the
Treasury (Internal Revenue Service), Agency
_____
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Jury Trial: *(check one)*   ☒ Yes   ☐ No


# COMPLAINT FOR EMPLOYMENT DISCRIMINATION


## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Tefera Tibebu Beyene |
| Street Address | 1215 N San Gabriel Ave, APT # 309 |
| City and County | Azusa, Los Angeles County |
| State and Zip Code | CA 91702 |
| Telephone Number | 626-233-6850 |
| E-mail Address | tefera cpa@sbcglobal.net |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Janet L. Yellen, |
| Job or Title *(if known)* | Secretary, Department of the Treasury (Internal Revenue Service), |
| Street Address | United States Government |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Telephone Number _____

E-mail Address *(if known)* _____

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Internal Revenue Service |
| Street Address | 300 N Los Angeles Street, Suite # 3054 |
| City and County | Los Angeles |
| State and Zip Code | CA 90012 |
| Telephone Number | 213-372-4191 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Other federal law *(specify the federal law)*:

_____

☐    Relevant state law *(specify, if known)*:

_____

☐    Relevant city or county law *(specify, if known)*:

_____

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☒ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☐ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

11/14/2017

C.    I believe that defendant(s) *(check one)*:

- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☒ race                  Black
- ☐ color
- ☐ gender/sex
- ☐ religion
- ☒ national origin     Ethiopian
- ☐ age *(year of birth)* _____   *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

E.    The facts of my case are as follows. Attach additional pages if needed.

I was subjected to disparate treatement based on race (black) and national origin (Ethiopian) when I was not selected for the Senior Manager (Program Manager - Oversees Operation) position, for which, I trust, I possessed the upper most background (relevant education and experiences), on November 14, 2017. For more detailed information, I have attched to this complaint a copy of my charge filed with the Equal Employment Opportunity Commission and my response to the AGENCY'S MOTION FOR SUMMARY JUDGMENT.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

01/10/2018

B. The Equal Employment Opportunity Commission *(check one)*:

    ☐    has not issued a Notice of Right to Sue letter.

    ☒    issued a Notice of Right to Sue letter, which I received on *(date)*    3/23/2022     .

    *(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

    ☐    60 days or more have elapsed.

    ☐    less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

As a direct and proximate result of Defendants' aforesaid acts, Plaintiff has suffered great mental, and emotional pain and suffering.I trust also the wrongs alleged are continuing at the present time. This was evidenced by the fact that, despite for many promotion applications that I had submitted since 11/14/2017 (the wrongs alleged took place), with the exception of one temporary promotion, I was not selected for any of those promotions for which I am best qualified for. Based on the facts articulated, I am seeking a remedy (1) an offer of senior manager position for which I am best qualified for, (2) a compensatory damage for USD 500,000 (five hundered thousand) and (3)Such further relief as the Court deems just or proper

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        5/31/2022

Signature of Plaintiff        Tefera T. Beyene

Printed Name of Plaintiff     Tefera Tibebu Beyene

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Form No. TDF 62-03.5 *(11/12/2015 Edition)*

**For Office Use Only:**

*Department Formal Case Number*

*Filing Date*



# INDIVIDUAL COMPLAINT OF EMPLOYMENT DISCRIMINATION WITH THE DEPARTMENT OF THE TREASURY

## PART I: COMPLAINANT IDENTIFICATION

**1. Name**

| Last Name | First Name | Middle Initial |
|---|---|---|
| Beyene | Tefera | T |

**2. Primary Contact Number (Include Area Code)**

| Phone | Best Time to Call: |
|---|---|
| 2023178514 | ⦿ Morning   O Afternoon   O Evening |

**3. Preferred Email Address**

Email
tefera.beyene2@irs.gov

**4. Home Address (You must notify the Department of any changes of address or your complaint may be dismissed. Send updated Information to: Office of Civil Rights and Diversity, Department of the Treasury, 1500 Pennsylvania Avenue NW, Washington, DC 20220.)**

| Street Address | City | State | ZIP |
|---|---|---|---|
| 6616 Comet Circle Apt # 405 | Springfield | VA | 22150 |

**5. If you are a current or former employee of the Federal government, list your most recent title, series, and grade.**

| Title | Series | Grade |
|---|---|---|
| Supervisory Tax Law Specialist | IR | 04 |

**6. Name and Address of Organization Where You Work (if a Treasury Employee)**

| Bureau and Business Unit | Office and Organizational Component |
|---|---|
| IRS - LB&I | AEOI - Team 1 |

| Street Address | City | State | ZIP |
|---|---|---|---|
| 999 North Capitol St, NE | Washington | DC | 20003 |

**7. Employment Status in Relation to this Complaint:**

⦿ Applicant   O Probationary   O Career/Career Conditional

O Former Employee   O Retired   O Other: _____

Date Left Treasury Employment *(if applicable)*

## PART II: DESIGNATION OF REPRESENTATIVE

**8.** You may represent yourself in this complaint or you may choose someone to represent you. Your representative does not have to be an attorney. You may change your designation of a representative at a later date, but you must notify the department immediately in writing of any change, and you must include the same information requested in this Part.

"I hereby designate _____ (Please Print Name) to serve as my representative during the course of this complaint. I understand that my representative is authorized to act on my behalf."

**9. Representative's Mailing Address**

Firm / Organization

| Street Address | City | State | ZIP |
|---|---|---|---|
|  |  |  |  |

**10. Representative's Employer (if Federal Agency)**

Employer
IRS

**11. Representative's Telephone/Email Address**

| Phone | Email |
|---|---|
|  |  |

## PART III: ALLEGED DISCRIMINATORY ACTIONS

**12.** Name and Address of Treasury Bureau that took the action at issue (if different than item 6.)

| Bureau and Business Unit | Office and Organizational Component | | |
|---|---|---|---|
| Street Address | City | State | ZIP |

**13.** If you complaint involves nonselection for a position, please complete the below information. If you wish to allege more than one nonselection, list the same information for each additional nonselection under number 14.

| Position | Series | Grade |
|---|---|---|
| Program Manager (Overseas Operation) | IR | 01 |

| Vacancy Announcement Number | Date Learned of Nonselection |
|---|---|
| 17CS6-LBMO672-0340-01-TP | |

**14.** (A) Describe the action taken against you that you believe was discriminatory; (B) Give the date when the action occurred, and the name of each person responsible for the action; (C) Describe how you were treated differently than other employees or applicants; (D) Indicate what harm, if any, came to you in your work situation as a result of this action. (Evidence in support of your claim(s) should be provided to the investigator at a later stage. If you require more space to describe your allegations, please attach an additional page(s) to this form upon submission.)

I was subjected to disparate treatement based on race (black) and National Origin (accent - Ethiopian origin), when I was not selected for the Senior Manager (Program Manager - Overseas Operation) position, for which, I trust, I possessed the uper most background (relevant education and experiences), on November 14, 2017. Just to highlight the relevant experiences: I have over 25 years of experience; acted as a senior manager for over 9 months (handling the largest cases in the country); held various key positions (staff assistant for the Director, large case acting teritory manager and team manager, and other significant leadership experiences as reflected in my application and resume. With respect to my education background: I have a PhD in Accounting; MBA in Finance and Accounting; Certfied Public Accountant (CPA) certfication, and Senior Manager Readiness Program (SMRP) graduate of the IRS as well as completed the certficate program in Leadership and Management from the University of Notre Dame, Mendoza College of Business. Regarding the selection, I was interviewed on 11/13/2017 at 9:00 AM and was notified through HR that I was not selected on 11/14/2017 at around 9:00 AM (unusual - normally notified by selecting officer). On 11/15/2017, the selecting officer called for meeting and informed me that, there are many "too good candidates" and that is why, I was not selected. Then, the selecting officer told me that, it will not be good to go back to my Team Manager job, and she will look for another assignment for me. No other explantion was given to me for non-selection. Then, the EEO counsel told me after wards, the reason for non selection were (1) the selected manager has EOI experience; and (b) better vision for the program. The fact of the matter is, I have communicated a biger picture during the interview, such as economics of scale (efficiency) - doing more with a little in the current budget situation and my vision for the program. Also, the program is new for all of us (FATCA was enacted in 2010) and on one has different relevant experience. But, based on my experience (a lot of years of experience and high level work in the IRS and outside of IRS), I did very well in the program and contributed a great deal to improve and enhance the program (no one has that experience in the program). I have communicated these and provided examples during the interview. The other point, the selected manager was given a 120 days detail assignment (pre-selection) and I was not given an opportunity. The Senior Manager who retired did not treat me similarly with the selected manager and the rating was not fair. I brought up an EEO compliant, but, he retired and I withdrew my application back then. I can provide examples, upon request.

**15. Mark below ONLY the bases you believe were relied on to take the actions described in #14.**

☐ Age (Date of Birth:                        )  ☑ National Origin (Specify: accent - Ethiopian        )
☑ Race (State Race: **Black**                )  ☐ Disability
☐ Color (State Color:                        )  ☐ Protected Genetic Information
☐ Religion (State Religion:              .    )  ☐ Retaliation/Reprisal
☐ Sex ( ☐ Male ☐ Female)                        (Date of Prior EEO Activity:                    )
☐ Sex--Pregnancy   ☐ Sex-LGBT                ☐ Parental Status

**16. What remedial or corrective action are you seeking to resolve this matter?**

Be selected for the position

## PART IV: CONTACT

**17. When did the *most recent* discriminatory event occur?**

Date of Most Recent Event
11/14/2017

**18. When did you first become aware of the alleged discrimination?**

Date of Awareness
11/14/2017

**19. When did you contact an EEO Counselor?**

Date of EEO Contact
11/16/2017

| Name of EEO Counselor | EEO Counselor Phone or Email |
|---|---|
| Adrienne Taylor | 4698010492 |

**20. Did you discuss all actions raised in item 14 with an EEO Counselor?**

⊙ Yes ○ No   (If no, please explain)

**21. When did you receive your Notice of Right to File?**

Date Recieved Notice
01/09/2018

**22.** If you contacted an EEO Counselor more than 45 days after the most recent alleged discriminatory event, or if you are filing this form more than 15 days after receiving the Notice of Right to File, please provide an explanation for the delay below and attach additional supporting documentation if necessary.

**23. On this same matter, have you filed a grievance or appeal under:**

| | |
|---|---|
| Negotiated grievance procedure | ○ Yes ⊙ No |
| Agency grievance procedure | ○ Yes ⊙ No |
| MSPB appeal procedure | ○ Yes ⊙ No |

If you filed a grievance or appeal, provide date filed, case number, and present status.

| Date Filed | Case Number | Present Status |
|---|---|---|
| | | |

## PART V: SIGNATURE

**24.** I certify that all of the statements made in this complaint are true, complete, and correct to the best of my knowledge and belief.

| Signature of Complainant or Attorney Representative | Date |
|---|---|
| Tefera T. Beyene | 01/10/2018 |

UNITED STATES OF AMERICA

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

WASHINGTON FIELD OFFICE

| | |
|---|---|
| Tefera Beyene<br><br>Complainant<br><br>V.<br><br>Steven Minchin, Secretary,<br><br>US Department of the<br>Treasury, Agency | EEOC No. 570-2018-00916X<br><br>Agency No. IRS-18-0013-F |

**Date: July 31, 2019**

## Complainant's Opposition to Agency's Motion for Summary Judgement

Tefera Beyene, the Complainant in the above-captioned matter, hereby opposes the

Agency's motion for summary judgement because contrary to the Agency's motion,

there are genuine issues of material fact. The Complainant timely submits this

opposition to Agency's motion for summary judgement, pursuant to the April 1, 2019

Case Management Order in this matter.

## I. ISSUE

Whether Complainant was subjected to discrimination on the basis of race

(Black) and national origin (Ethiopian) when, on November 14, 2017, he was not

selected for the position of Program Manager (Overseas Operation) posted under

Vacancy Announcement No. 17CS6-LBM0672-0340-01-TP.

1

## II. Facts[1]

1. The undisputed material facts stated by the complainant as clearly reflected in the investigative file (IF Pages 00002 – 00007, 00024 – 00025, 00040 -00041, 00044, 00047- 00068) are intact.

2. In addition to the #1 above (IF), the following additional facts obtained through the Complainant interrogatories and the Agency's responses to those interrogatories (DR_) corroborated the Complainant's claim as stated in the (IF). Those additional undisputed material facts are stated as follows:

   2.1 Pre-selection had already been made for the vacant position. (DR Page 4)

   2.2 One of the three panel members who had conducted the interview was the selecting official (DR Page 10)

   2.3 The selecting official followed a hiring / promotional procedure not in line with the formal procedure which dates back many years. (DR Page 4 & 5)

   2.4 Agency failed to produce contemporaneous documentation that the rating and selection of candidates were completed in accordance with the merit board and OPM guidelines. (DR Page 1 & 2)

   2.5 The Agency response to the Complainants Interrogatories # 7 is contradictory and lacks material substance (DR Page 7, 8 &9)

   2.6 The Agency response to the Complainants Interrogatories # 8 is contradictory and lacks material substance (DR Page 10)

---

[1] The facts here are set out as alleged or otherwise undisputed by Agency references to the Investigative File are made as (IF _); references to motion for summary judgment as (SJ _); references to the Complainant Responses to the Agency's Interrogatories, attached as Exhibit "A", are made as (Ex A.) and references to Agency's responses to the Complainant's discovery request as (DR_).

2

2.7 The Agency response to the Complainants Interrogatories # 9 is contradictory and lacks material substance (DR Page 10 &11)

2.8 The Agency response to the Complainants Interrogatories # 10 is contradictory and lacks material substance (DR Page 11)

2.9 The Agency response to the Complainants Interrogatories # 14 is contradictory and lacks material substance (DR Page 13)

## III. STANDARD OF REVIEW

When ruling on a motion for summary judgement, the court is required to view all facts and references in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. Boudreaux V. Swift Transp. Co., Inc. 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgement. Reeves V. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); Anderson, 477 U.S. at 254-55.

Based on Rule 56 of the Federal Rules of Civil procedure, to grant summary judgement, one has to find that a trial would be useless because there are no facts for a judge or jury to weigh. In this motion for summary judgement, the Agency had stated in part that "there are no genuine issues of material fact." (SJ_ Page 1). A dispute is genuine "if there is sufficient evidence so that a rational trier of fact could resolve the issue either way." Adler, 144 F.3d at 670 (citation omitted). A fact is material "if under substantive law it is essential to the proper disposition of the claim." Id. (citation omitted). Crow V. ADT Sec. Servs,

Inc. 649 F.36 1189, 1194 (10th Cir. 2011) (internal quotation and citations omitted).

Also, in this case, the Agency has an unmet legal burden; that is; the moving party on a summary judgment motion has the burden of proving (a) that no genuine dispute exists on the material facts as stated by the complainant (IF), and (b) that the law demands judgement on those undisputed facts (IF). As discussed above, the burden has not been met. In addition, the facts stated in the motion for summary judgement # 9 is not true (SJ_ page 2). The selecting official is one of the three members stated in # 8 (SJ_ page 2).  Based on the forgoing, the Agency request for summary judgement should be denied.


## IV. SUBSTANTIVE LAW

The Agency outlined a three-part analysis under substantive law (SJ Pages 4 – 6). The Complainant articulated the below substantive law to refute the Agency's claim.

(a) Prima facie case of discrimination.

To establish a prima facie case of discrimination, the complainant shows that:

(1) he is a member of protected class/es, (2) he was qualified for the position at issue, (3) he was subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class/es than were other similarly situated employees who were not members of the protected class/es under nearly identical circumstances. Lee, 574 F.36 at 259.

(b) Agency must articulate legitimate nondiscriminatory reason for selection

Under the burden-shifting framework set forth in McDonnell Douglas

Corporation V Green, 411 U.S. 792, 802-04 (1973), applies to Title VII cases

based on circumstantial evidence of discrimination. Jackson V. Cal-western

Packaging Corp., 602 F.3d 374, 378 (5th Cir. 2010).

(c) Agency reasons were a pretext for discrimination

The Complainant establishes pretext "either through evidence of disparate

treatment or by showing that the Agency's proffered explanation is false or

unworthy of credence." Moss V. BMC software, Inc., 610 F. 3d 917, 922 (5th Cir.

2010). In cases involving circumstantial evidence, a verbal remark or comment

that exhibits discriminatory animus may be used to establish pretext or used as

additional evidence of discrimination if it: (1) "demonstrate[s] discriminatory

animus"; and (2) was "made by a person primarily responsible for the adverse

employment action or by a person with influence or leverage over the formal

decision maker.(IF Page 00041 & 00044). " Reed V. Neopost USA, Inc., 701

F.36 434, 441 (5th Cir. 2012); Laxton, 333 F.3d at 583.

## V. ARGUMENT

### (a) Prima facie case of discrimination

The Agency asserted that "a management official cannot discriminate on the

basis of national origin, when the employee's national origin is unknown." (SJ

Page 7). The fact of the matter is that there are undisputed material facts

articulated in Complainant's rebuttal (IF Page 00044). To further elaborate, the

5

Complainant knew John Hinman since 2012 (they both worked for LB&I, John was the Territory Manager for International and the Complainant was the Acting Territory Manager for Domestic and both were together in many meetings with taxpayers and both worked in the same office and had several face-to-face communications). The Complainant knew Mae Lew since 2014 (both worked together in relation to Inter Governmental Agreements (IGAs) and Competent Authority Arrangements (CAAs) relative to the FATCA (Foreign Account Tax Compliance Act) and had several face-to-face meetings. As to Jennifer Best, the Complainant knew her since 2014, first she was the panel member when he was interviewed for AEOI Manager Job, and since then in various capacities working in the same office and had several face-to-face meetings. The Complainant trusts through the forgoing that each of the panel members knew who the Complainant was.

Pursuant to the EEOC's guidelines "in order to have a claim of national origin discrimination under Title VII, "it is not necessary to show that the alleged discriminator knew the particular national origin group to which the complainant belonged... it is enough to show that the complainant was treated differently because of his foreign accent, appearance, or physical characteristics." 29 C.F.R. § 1606.1; 45 Fed. Reg. 85,632,85,633 (Dec. 29, 1980). The Fifth Circuit explains that "a party is able to establish a discrimination claim based on its own national origin even though the discriminatory acts do not identify the victim's actual country of origin." EEOC V. WC&M Enterprises. Inc., 496 F.3d 393 (5th Cir. August 10, 2007).

6

To establish a prima facie case of discrimination, complainant shows a four-part test, that: (1) he is a member of protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership. McCoy V. City of Shreveport, 492 F.3d 551, 559 (5th Cir. 2007). The complainant clearly articulated those undisputed material facts in this matter. (IF Pages 0003, 0006, 00044, and 00048-00054).

## (b) Agency must articulate legitimate nondiscriminatory reason for Selection.

Further, the Agency asserted that, they have legitimate nondiscriminatory reasons for its action. The fact of the matter is that there is direct evidence that the Agency discriminated the complainant by failing to promote him for the program manger position despite his superior credentials (education & experiences). The Complainant is (a) a member of multiple protected class base, race (Black) and national origin (Ethiopian); (b) He was qualified for the position; (c) He was subjected to adverse action; and (d) not treated similarly. The Complainant clearly articulated these undisputed material facts and they are found in the investigative file. (IF Pages 00002 – 00007, 00024 – 00025, 00040 - 00041, 00044, 00047- 00068)

### *(c)    Agency reasons were a pretext for discrimination*

The Agency responded to the Complainant's interrogatories (discovery process) as to the selection criteria for the Acting Manager position assignment was based on critical qualification for success on the job. (DR Page 4).

7

Both the selectee and Complainant worked in similar positions since the
department stood up in 2014 [new program under (FATCA) Foreign Account Tax
Compliance Act, Automatic Exchange of Information Program (AEOI)]. To further
elaborate, the Complainant was in charge of West & East Europe, Asia, Africa,
Australia, and New Zealand and the selectee was in charge of North and South
Europe, Middle East, and the Americas. The Complainant's job performance had
indicated, he did very well in those very complicated regions. That includes
successfully communicating both orally and in writing, managing a very diverse
and evolving workload, and strong relationship building to note only a few areas
of high achievement. Also, the Complainant has extensive experience and a high
level of education that helped him work well with the stakeholders (Foreign &
Domestic) in the most effective and efficient manner. Contrary to the selectee,
the Complainant is a graduate from the IRS SMRP (Senior Manager Readiness
Program) and since then, had completed several senior level acting
assignments. Examples include: Acting Territory Manager Domestic and Acting
Territory Manager Financial Products Program. Despite, these material facts, the
Complainant was not considered for the acting assignment. The Complainant
had submitted a statement of interest to be considered for the Acting Program
Manager position, when the current 120 days acting assignment for Program
Manager (position held by selectee) expired. Despite, the Complainant's request
and statement of interest, the Complainant (who was the acting staff assistant for
the Director of Treaty Administration (DTA), at that time) had been told by the
DTA, to prepare another PAR action to extend the selectee's acting assignment

8

for an additional 30 days. However; HR returned the document stating that the person cannot act for more than 120 days. The DTA then told the Complainant to act on the day of the interview, and on the same day the other manager was selected (IF Page 00200). From this analysis, one can determine that, the selection process was facially neutral (no discrimination as a policy or on the face), but in practice, as the Complainant has articulated above, discriminated on the basis of multiple protected bases (national origin & race). Further, one can infer from the complainant's interrogatories question # 4 and the Agency responses for the same (DR Page 4), no matter how well the Complainant's performance on the interview and applications documents, the intention was to select the selectee regardless. The Agency admitted that the selectee was the one who would do well for the acting assignment, and based on the responses given, that they will not consider the Complainant under any conditions (DR Page 4). As it was articulated above, the Agency proffered rational is pretextual. Young V. Dillon Cos., 468 F.3d 1243, 1249 (1oth Cir. 2006).

The Complainant was not treated similarly with the other people in the group by the senior manager who had just retired, and his position is the subject of this matter. First, despite the Complainant LSR history that stated, "Ready for Senior Manager Position", and the fact that he had graduated from the SMRP program, the former manager (retired) downgraded the Complainant's rating by stating the Complainant accent as reasoning (national origin) and lowering the communication sub-competency, among other things. The Complainant believes that this has a profound negative effect on overall assessment. An employee who

was denied promotion due to his accent (national origin) is a direct evidence of the employer intent to discrimination based on national origin. FedEx Fright East, Inc. V Rodriguez (US Court of Appeals for the six circuit, June 27, 2007).

In cases involving circumstantial evidence, a verbal remark or comment that exhibits discriminatory animus may be used to establish pretext or used as additional evidence of discrimination if it: (1) "demonstrate[s] discriminatory animus"; and (2) was "made by a person primarily responsible for the adverse employment action or by a person with influence or leverage over the formal decision maker." Reed V. Neopost USA, Inc., 701 F.36 434, 441 (5th Cir. 2012); Laxton, 333 F.3d at 583. The complainant clearly articulated the pretext and / or evidence of discrimination in his affidavit (the material undisputed facts articulated in the investigative file). (IF Page 00041 and Page 00044).

There were inconstancies relative to selection criteria used in this case. John Hinman (panel member) had stated that "I was not the selecting official; I believe that Jennifer Best was. I believe that all best qualified candidates were interviewed. I am not aware of any process being used other than interview." The undisputed material fact found in the investigative file. (IF Page 00080). Jennifer Best (Panel & selecting official) had stated that "There were two candidates who applied for the position on USA Jobs. We reviewed their applications and interviewed the two best qualified candidates and asked them a set of nine questions. Each were asked the same questions and the same amount of time was allotted for each interview. At the end of the interview we asked an open-ended question, so they could tell us whatever they wanted to about themselves

10

and the job." The undisputed material fact found in the investigative file. (IF Page 00072). Mae Lew (Panel member) had stated that "I was involved in reviewing the applications and resumes of the applicants and then met with the other panel members and interviewed each candidate as a panel. The panel then discussed the qualifications of each candidate as well as the responses provided by each candidate to the interview questions. The panel came to consensus that the selectee was the best qualified for the position." The undisputed material fact found in the investigative file. (IF Page 00123). Based upon the above undisputed material facts found in the investigative report, there are clear inconsistencies as to the methods utilized for selecting the Program Manager. Under the above circumstances, the complainant believes that a reasonable fact finder could rationally find that the Agency's argument of legitimate nondiscriminatory reasons for its action unworthy of credence and hence infer that the Agency did not act for the asserted nondiscriminatory reasons. "Swackhammer V. Sprint / United Mgmt. Co., 493 F. 3d 1160, 1167 (10th Cir. 2007) (internal quotation marks and citation omitted). EEOC V. Ethan Allen, 44 F.3d 116, 120 (2d Cir. 1994).

There were inconsistencies and unusual matter in the selection process. First, as the Agency admitted, they had used a non-traditional method, when they set up the interview panel (DR Pages 4 & 5). Second, immediately after the interview (same day), they made selection decision to HR (IF Page 00200) and did not provide feedback to the Complainant that he was not selected. Third, one day after the Complainant was notified through the system, the selecting official

11

met with him and told him that "there are too many good candidates", where in fact there were only two candidates, including the Complainant who had applied and interviewed for the position in this matter. In addition, the selecting official told the Complainant it would not be best for him to work in his current job as a Team Manager in the same group and asked him to look for other opportunities and let them know what he needed to do going forward. This undisputed material fact was clearly noted in the investigative file. (IF Page 0003).

There are inconsistencies relative to feedback given to the Complainant for non-selection. First, the selecting official told the EEO Counselor that the Complainant was told the reason for non-selection and he did not dispute it and pursuant to the documentary evidence, the Complainant was not given feedback on contemporaneous basis. Undisputed material fact found in the investigative file (IF 00200).  Even, when the feedback was given a day later, the Complainant was not told the same reason that was conveyed to the EEO Counselor. The undisputed material facts as it relates to this is clearly reflected in the investigative file. (IF Page 00003, 00006, 00011, 00024, 00025 and 00200)

From the above, one can determine that, there is clear implausibility & inconstancy with respect to the selection process in this matter. There is clear evidence of pretext from which a reasonable trier of fact could conclude that the Agency's reason for acting assignment and latter selection for promotion was pretextual. Young v. Dillon Cos., 468 F.3d 1243, 1249 (10th Cir. 2006); Swackhammer v. Sprint / United Mgmt. Co., 493 F.3d 1160, 1167 (10th Cir. 2007). Internal quotation marks and citation omitted). Also, based on the above

12

facts, the Complainant believes that he was treated differently from similarly-situated employee. Id. at 1167-68 (citation omitted).

## VI. CONCLUSION.

There exists genuine dispute of material fact in this complaint of discrimination regarding Complainant's non-selection. The facts as set out alleged or otherwise undisputed by Agency's are articulated in the investigative file. In addition, Complainant Responses to the Agency's Interrogatories and Agency's Responses to the Complainant's interrogatories clearly shows there were discriminatory reasons regarding Complainant's non-selection. Agency also an unmet it is legal burden when seeking a summary judgement. Also, the various facts articulated that the Agency's reasons were a pretextual for not selecting the Complainant for the Program Manager position. The Complainant was subjected to unlawful discrimination. Accordingly, Summary Judgment in this matter should not be granted to the Agency.

Respectfully Submitted,

Date: July 31, 2019

Tefera T. Beyene Digitally signed by Tefera T.
Beyene
Date: 2019.07.31 10:00:46 -07'00'

Tefera Beyene

Complainant

**Ex. A**

**UNITED STATES OF AMERICA**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**WASHINGTON FIELD OFFICE**

| Tefera Beyene |
| Complainant |
| V. |
| Steven Minchin, Secretary, |
| US Department of the Treasury, Agency |

| EEOC No. 570-2018-00916X |
| Agency No. IRS-18-0013-F |

Date: May 8, 2019

RESPONSE TO AGENCY'S INTERROGATORIES AND PRODUCTION OF

DOCUMENTS

PART I – RESPONSE TO THE INTERROGATORIES

1. I sustained the following damages due to the discrimination referenced above.

A: Relocated to another geographic area by using my own money. The damage here is psychological, pain and suffering, and relocation cost.

B: Loss of earning potential – Promotion to the next level.

C: Loss of comfort – I was situated well, and the move subjected me to go through an assimilation process to a new location which is daunting.

15

D: Loss of potential lifestyle change – the discrimination and its consequences subjected me to a high cost of living and eroding my dream of owning a home. Those damages have had a profound negative effect in my life and way of living, and I cannot produce a receipt that quantifies this or put a fixed dollar amount.

I can only ask the maximum amount of remedy under the law which I believe is $300,000.00 (Three hundred thousand). I trust the damage I sustained as a result of the discrimination referenced in the case number above is well beyond the maximum amount, but as a matter of law, I can only ask the maximum amount.

2. I do not have medical evidence.

3. Please refer ROI – My response to - EEO Investigative Affidavit Question # 23.

4. Please refer ROI – My response to – EEO Investigative Affidavit Question # 24.

5. Please refer ROI – My response to – EEO Investigative Affidavit Question # 20 & #21.

6. Please refer ROI – My response to – EEO Investigative Affidavit Question # 24.

7. I used EEO Investigative Affidavit for case # IRS -18-0113-F.

8. The individuals whom I believe have information as indicated in your question # 8 are listed in my response to – EEO investigative Affidavit Question # 14 – Please refer ROI.

PART II – RESPONSE TO DOCUMENT REQUESTS

1. N/A – Refer to my response to your interrogatories question # 2

16

2.  Refer to ROI – Exhibit B – Notice of Non-Selection

3.  Refer to ROI – Exhibit B – Notice of Non-Selection

4.  Refer to ROI – EEO Investigative Affidavit – Case no. IRS -18-013-F

5.  See the attached ZIP File.

6.  None. N/A

7.  Refer ROI – Exhibit A – Application Package; Exhibit B – Notice of Non-Selection
and Exhibit C – TLS Feedback

8.  Refer to ROI – EEO Investigative Affidavit – Case no. IRS-18-013-F

Respectfully Submitted,


Date: May 8, 2019                              /S/ Tefera Beyene

                                               Tefera Beyene

                                               Complainant

17

CERTIFICATE OF SERVICE

This is to certify that the Complainant served the Complainant's Responses to

Agency Interrogatories, by email, on this 8th day of May 2019, accordingly

Mark A Wines, Senior Counsel, General Legal Services

Mark.A.Wines@irscounsel.treas.gov

/S/ Tefera Beyene

Complainant

18

CERTIFICATE OF SERVICE

This is to certify that the Complainant served the Complainant's Opposition to the

Agency summary judgment, by email, on this 31st day of July, 2019, accordingly

Mark A Wines, Senior Counsel, General Legal Services

Mark.A.Wines@irscounsel.treas.gov

/S/ Tefera Beyene

Complainant

19

**DECLARATION**

for

REQUESTED INTERROGATORIES and / or DOCUMENTS

Mark Wines _____ (US Treasury) _____

Agency's Name

EEOC No. 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-00 _____

EEOC Case Numbers

IRS-18-0113-F _____

Agency Case Numbers

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge.

Executed on May 8, 2019 __ at __ Los Angeles, CA

(Date)    (City & State)

Tefera Beyene    Tefera T. Beyene  Digitally signed by Tefera T. Beyene  Date: 2019.07.31 10:01:15 -07'00'

(Print Name)    (Signature)

Complainant



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Tefera T. Beyene a/k/a
Jerry V.,[1]
Complainant,

v.

Janet L. Yellen,
Secretary,
Department of the Treasury
(Internal Revenue Service),
Agency.

Appeal No. 2020005513

Hearing No. 570-2018-00916X

Agency No. IRS-18-0113-F

<u>DECISION</u>

On September 30, 2020, Complainant filed an appeal, pursuant to 29 C.F.R. § 1614.403(a), from the Agency's September 29, 2020, final order concerning his equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq.

At the time of events giving rise to this complaint, Complainant worked as a Supervisory Tax Law Specialist at the Agency's Large Business and International (LB&I) Division in Washington, D.C. On January 10, 2018, Complainant filed a formal complaint alleging that the Agency discriminated against him on the bases of race (Black) and national origin (Ethiopian) when on November 14, 2017, Complainant was not selected for the position of Program Manager (Overseas Operation) posted under Vacancy Announcement Number 17CS6-LBM0672-0340-01-TP.

After its investigation into the complaint, the Agency provided Complainant with a copy of the report of investigation (ROI) and notice of right to request a hearing before an Equal Employment Opportunity Commission (EEOC or Commission) Administrative Judge (AJ). Complainant timely requested a hearing. On July 19, 2019, the Agency filed a motion for summary judgment.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                   2020005513

On July 31, 2019, Complainant filed an opposition to the Agency's motion. On August 12, 2019, the Agency filed a reply.

After consideration of the entire record, including the ROI, the submissions, and documentary evidence in the case file, and viewing the facts in the light most favorable to Complainant, the AJ determined that summary judgment was appropriate. In reaching her decision, the AJ noted statements provided by all three interview panel members that they agreed that Selectee (white, American) was the superior candidate. Specifically, they unanimously stated that Selectee performed better in the interview based on the detailed answers that he provided in the interview that discussed his experience and success in LB&I, and in other supervisory capacities. In contrast, the AJ observed that Selecting Official stated that Complainant's interview responses were less detailed and did not include as many examples of leadership experience.

The AJ stated that while Complainant disputed that Selectee was the superior candidate, he failed to set forth any facts or evidence. Furthermore, the AJ did not find any evidence in the record to demonstrate that the Agency's reasons are false or pretext for discrimination. The AJ noted that it was undisputed that the interview panel agreed that Complainant was a well-qualified applicant. However, the AJ found that Complainant had not demonstrated that his qualifications were plainly superior to Selectee's. Ultimately, the AJ noted that an employer has broad discretion to set policies and carry out personnel decisions, and such decisions should not be second-guessed by a reviewing authority absent evidence of unlawful motivation. Therefore, the AJ granted the Agency's motion for summary judgment.

The Agency issued its final order adopting the AJ's finding that Complainant failed to prove discrimination as alleged. The instant appeal followed.

The Commission's regulations allow an AJ to grant summary judgment when he or she finds that there is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case. In rendering this appellate decision we must scrutinize the AJ's legal and factual conclusions, and the Agency's final order adopting them, *de novo*. See 29 C.F.R. § 1614.405(a)(stating that a "decision on an appeal from an Agency's final action shall be based on a *de novo* review..."); see also Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9, § VI.B. (as revised, Aug. 5, 2015) (providing that an administrative judge's determination to issue a decision without a hearing, and the decision itself, will both be reviewed *de novo*).

In order to successfully oppose a decision by summary judgment, a complainant must identify, with specificity, facts in dispute either within the record or by producing further supporting evidence and must further establish that such facts are material under applicable law. Such a dispute would indicate that a hearing is necessary to produce evidence to support a finding that the Agency was motivated by discriminatory animus.

3                                    2020005513

Here, however, Complainant has failed to establish such a dispute. Even construing any inferences raised by the undisputed facts in favor of Complainant, a reasonable fact-finder could not find in Complainant's favor.

Upon careful review of the AJ's decision and the evidence of record, as well as the parties' arguments on appeal, we conclude that the AJ correctly determined that the preponderance of the evidence did not establish that Complainant was discriminated against by the Agency as alleged.

Accordingly, we AFFIRM the Agency's final order adopting the AJ's decision.

## STATEMENT OF RIGHTS - ON APPEAL
## RECONSIDERATION (M0920)

The Commission may, in its discretion, reconsider this appellate decision if Complainant or the Agency submits a written request that contains arguments or evidence that tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests for reconsideration must be filed with EEOC's Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. If the party requesting reconsideration elects to file a statement or brief in support of the request, **that statement or brief must be filed together with the request for reconsideration.** A party shall have **twenty (20) calendar days** from receipt of another party's request for reconsideration within which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015).

Complainant should submit his or her request for reconsideration, and any statement or brief in support of his or her request, via the EEOC Public Portal, which can be found at

https://publicportal.eeoc.gov/Portal/Login.aspx

Alternatively, Complainant can submit his or her request and arguments to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, via regular mail addressed to P.O. Box 77960, Washington, DC 20013, or by certified mail addressed to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, a complainant's request to reconsider shall be deemed timely filed if OFO receives it by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604.

An agency's request for reconsideration must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g).

4                                          2020005513

Either party's request and/or statement or brief in opposition must also include proof of service on the other party, unless Complainant files his or her request via the EEOC Public Portal, in which case no proof of service is required.

Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. **Any supporting documentation must be submitted together with the request for reconsideration.** The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

_Carlton M. Hadden_

Carlton M. Hadden, Director
Office of Federal Operations

March 23, 2022
Date